Filed 12/22/15  P. v. Cummins CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C079158 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F901) |
| v. | |
| JAMES ROBERT CUMMINS, | |
| Defendant and Appellant. | |

On January 22, 2015, defendant James Robert Cummins pled guilty to aggravated sexual assault of a child (Pen. Code, § 269, subd. (a)(1))[1] and oral copulation of a child under the age of 14 and more than 10 years younger than the perpetrator (§ 288a, subd. (c)(1)).  The trial court sentenced defendant to three years in prison for the oral copulation conviction and 15 years to life for the aggravated sexual assault conviction.

---

[1] Undesignated statutory references are to the Penal Code.

1

The court also ordered that defendant would serve a lifetime period of parole pursuant to former section 3000.1.

On appeal, defendant claims the court erred in imposing a lifetime period of parole. We disagree and affirm the judgment.

DISCUSSION

Defendant's sole contention on appeal is that the trial court wrongly imposed on him a lifetime period of parole pursuant to former section 3000.1. At the time defendant committed the offenses for which he was convicted here, former section 3000.1 provided in relevant part that "[n]otwithstanding any other provision of law, in the case of any inmate sentenced to a life term under subdivision (b) of Section 209, if that offense was committed with the intent to commit a specified sexual offense, *Sections 269 and 288.7*, subdivision (c) of Section 667.51, Section 667.71 in which one or more of the victims of the offense was a child under 14 years of age, or subdivision (j), (l), or (m) of Section 667.61, the period of parole, if parole is granted, shall be the remainder of the inmate's life." (Italics added.) Defendant thus argues that in order for section 3000.1 to apply to him, he would need to have been convicted of both section 269 *and* section 288.7.

Accordingly, the sole question raised by this appeal is whether the phrase "Sections 269 and 288.7" in former section 3000.1, subdivision (a)(2) as it existed prior to January 1, 2015, means exclusion is mandated only where the person is convicted of both offenses or whether a single conviction of either offense will suffice. (See *People v. Tirey* (2014) 225 Cal.App.4th 1150, 1157-1159 (*Tirey*), review granted Aug. 20, 2014, S219050 [majority opinion holds former § 3000.1, subd. (a)(2)'s use of "and" is clear and unambiguous and mandates lifetime parole only to persons convicted of both §§ 269 and 288.7]; *Tirey, supra*, 225 Cal.App.4th at pp. 1165-1168 (dis. opn. of Thompson, J.) [finds that because majority's construction leads to absurd results, phraseology was a drafting error and word "and" should be read as "or"].)

Our conclusion, however, is based upon amendments to former section 3000.1, subdivision (a)(2) and subdivision (d) of section 4852.01, effective January 1, 2015, which provide that the disputed phrase should be understood as being in the disjunctive.**2**

I

*The 2014 Amendments*

On August 25, 2014, Assembly Bill No. 1438 (2013-2014 Reg. Sess.) was enacted into law and became operative January 1, 2015.  Assembly Bill No. 1438 amended former section 3000.1, subdivision (a)(2) so that the disputed phrase now reads "Sections 269 or 288.7."  Section 3000.1, subdivision (a)(2) now reads:  "Notwithstanding any other law, in the case of any inmate sentenced to a life term under subdivision (b) of Section 209, if that offense was committed with the intent to commit a specified sexual offense, Section 269 *or* 288.7, subdivision (c) of Section 667.51, Section 667.71 in which one or more of the victims of the offense was a child under 14 years of age, or subdivision (j), (l), or (m) of Section 667.61, the period of parole, if parole is granted, shall be the remainder of the inmate's life."  (Italics added.)  (See Stats. 2014, ch. 280, § 2, eff. Jan. 1, 2015.)  The legislative history of Assembly Bill No. 1438, regarding the amendments to former sections 3000.1, subdivision (a)(2) and 4852.01, subdivision (d), explains that the amendments to these sections were enacted in response to the holding in *Tirey* that the phrase "Sections 269 and 288.7" in former section 3000.1, subdivision (a)(2) meant that a violation of section 288.7 was subject to a life term of imprisonment only if the defendant violated both sections 269 and 288.7.  The legislative history of Assembly Bill No. 1438 describes the use of the word "and" as "unintentional[]," an "oversight," and in need of "clarifi[cation]."  (Sen. Com. on Pub. Saf., Analysis of Assem. Bill No. 1438 (2013-2014 Reg. Sess.) as amended June 3, 2014, pp. 2, 7.)

---

**2**  Because the meaning of the phrase, "Sections 269 and 288.7" is a disputed appellate issue, we take judicial notice of the legislative history of Assembly Bill No. 1438 (2013-2014 Reg. Sess.).  (Evid. Code, § 452, subd. (c).)

3

Accordingly, there is now no doubt that the Legislature's purpose in enacting the amendments was to repudiate *Tirey's* construction of the phrase "Sections 269 and 288.7," and to make clear that the phrase was meant to be in the disjunctive rather than the conjunctive.

II

*The 2014 Amendments Clarify Existing Law*

"A legislative declaration that an amendment merely clarified existing law 'cannot be given an obviously absurd effect, and the court cannot accept the Legislative statement that an unmistakable change in the statute is nothing more than a clarification and restatement of its original terms.' [Citation.]  Material changes in language, however, may simply indicate an effort to clarify the statute's true meaning.  [Citation.]  'One such circumstance is when the Legislature promptly reacts to the emergence of a novel question of statutory interpretation[.]'  [Citation.]  ' " 'An amendment which in effect construes and clarifies a prior statute must be accepted as the legislative declaration of the meaning of the original act, where the amendment was adopted soon after the controversy arose concerning the proper interpretation of the statute.  . . .  [¶]  If the amendment was enacted soon after controversies arose as to the interpretation of the original act, it is logical to regard the amendment as a legislative interpretation of the original act—a formal change—rebutting the presumption of substantial change.'  [Citation.]" '  [Citation.]" (*Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 922-923.)

*Tirey* was published on April 25, 2014, and is presently under review by the California Supreme Court.  Assembly Bill No. 1438 was enacted August 25, 2014, with the amendments to become operative January 1, 2015.  This constitutes a prompt reaction by the Legislature to *Tirey's* construction of former sections 3000.1 and 4852.01.  Accordingly, we determine the disputed phrase should be read in the disjunctive and reject defendant's contention.

4

## DISPOSITION

The judgment is affirmed.

/s/
Blease, Acting P. J.

We concur:

/s/
Nicholson, J.

/s/
Hoch, J.